IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT EVANS, # R-43202, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-400-GPM |
| ) | |
| BIG MUDDY RIVER ) | |
| CORRECTIONAL CENTER, ) | |
| WEXFORD HEALTH SERVICES, ) | |
| and ANGELA WINSOR, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, who is currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), is serving a five year sentence for aggravated battery. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that on June 14, 2012, he suffered a grand mal seizure while sleeping on the top bunk in his cell (Doc. 1, p. 4). According to Plaintiff, he fell from the bunk, injuring his head, leg, and back (Doc. 1, p. 4). Plaintiff had been recently transferred to BMRCC, and when he was interviewed on June 6, 2012 by an unnamed Wexford nurse, he requested a low bunk/low gallery medical permit (Doc. 1, pp. 4, 9). He had been given such a permit at two prior prisons because of his seizure disorder (Doc. 1, p. 9). The nurse accepted Plaintiff's request for the permit, but it was not issued immediately (Doc. 1, p. 9). Plaintiff claims the nurse did not inform officers that he suffers from seizures (Doc. 1, p. 4). Doctor Larson (who is not a Defendant) gave Plaintiff a low bunk permit on the day after his fall (Doc. 1, p. 9). Plaintiff believes the injury will cause more seizures (Doc. 1, p. 4). He now suffers from severe epilepsy and cluster headaches, and the Social Security

Administration has determined him to be disabled (Doc. 1, pp. 4-5).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

It appears that Plaintiff may be attempting to bring a claim that the nurse, who is employed by Defendant Wexford Health Services ("Wexford"), was deliberately indifferent to his serious medical needs. However, in order to state an Eighth Amendment claim for deliberate indifference to a medical condition, an inmate must that he suffers from an objectively serious medical conditions, and also that a prison official knew of a substantial risk of harm to him and either acted or failed to act in disregard of that risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). A defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Based on Plaintiff's description, his seizure disorder is an objectively serious medical condition. However, nothing in the complaint indicates that the Wexford nurse (who, incidentally, is not a named Defendant) had the subjective intent that would support a deliberate indifference claim.[1] When Plaintiff asked for a low bunk/low gallery permit, she responded "okay" (Doc. 1, p. 9). The low bunk permit was later issued by the prison doctor, but not as quickly as Plaintiff wished. As to the statement that the nurse did not inform officers of Plaintiff's seizure disorder, there is no indication that Plaintiff's injury would have been prevented had she done so. Furthermore, Plaintiff himself could have told the guards of his medical condition. The nurse's actions do not show any disregard or denial of Plaintiff's needs.

---

[1] Even if Plaintiff had named this nurse as a Defendant, the facts alleged do not state a viable claim against her.

At worst, the delay in issuing the low bunk permit might constitute negligence—and that cannot support a constitutional claim.

Even if the nurse had shown deliberate indifference to Plaintiff's serious medical condition, that would not necessarily lead to liability on the part of Defendant Wexford. A corporate entity can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford, and as noted above, his complaint does not state a cognizable claim for deliberate indifference.

As to the remaining Defendants, Plaintiff fails to allege any involvement whatsoever of Defendant Winsor, the former Warden at BMRCC, in the events that led to his injury. Absent personal involvement in the deprivation of a constitutional right, there can be no liability. Further, there is no supervisory liability in a civil rights action. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Finally, Defendant Big Muddy River Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).

Accordingly, this action shall be dismissed. All pending motions are **DENIED AS MOOT**.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  May 30, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge